UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| AARON WALTER ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 6:09-414-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

    \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 10 and 11][1] on Plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income. The Court, having reviewed the record and being otherwise advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Aaron Walter Roberts filed an application for Supplemental Security Income on July 5, 2006 (Transcript of Record, "TR," 98-100). Plaintiff alleged that he has been disabled since June 2004 because of finger pain, back pain, and depression/anxiety

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

following the loss of a child. This claim was denied initially and upon reconsideration.

Subsequently, Plaintiff filed a timely written request for hearing with an Administrative Law Judge ("ALJ"). The formal hearing was held on January 16, 2008, and in a decision dated May 2, 2008, ALJ Frank Letchworth concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff was 33 years old on the date of the ALJ's decision. (TR at 98). He has an associate's degree (TR at 29, 115) and past relevant work experience as a toll booth operator (TR at 32-3, 40-1, 111-2, 118-120).

The ALJ's specific findings were as follows:

1. The claimant has not engaged in substantial gainful activity since July 5, 2006, the application date.

2. The claimant has the following severe impairments: probable old compression fracture T11/T12; history of wound infection right index finger with residual deformity/contracture; depression; and anxiety.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functioning capacity to perform light work as defined in 20 CFR 416.967(b) except for work requiring any climbing of ladders, ropes, or scaffolds or crawling or more than occasional climbing of ramps or stairs or stooping, bending, or crouching.

5. The claimant is capable of performing past relevant work as a toll booth operator. This work does not require the performance of work-related activities

precluded by the claimant's residual functional capacity.

6. The claimant has not been under a disability, as defined in the Social Security Act, since July 5, 2006, the date the application was filed.

(TR at 11-17) (citations omitted).

After the Appeals Council denied his request for review on November 12, 2009 (TR at 1) and with his administrative remedies exhausted, Plaintiff now appeals to this Court. Specifically, Plaintiff argues that the Commissioner erred by failing to provide a specific basis for finding that Plaintiff's subjective complaints regarding pain were not credible. Plaintiff also argues that the ALJ erred by substituting his own opinion that Plaintiff was not disabled in place of Drs. Patel and Hoskins. Thus, Plaintiff argues, the Commissioner's decision must be reversed, or in the alternative, remanded for a new administrative hearing.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security*, 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## IV. ANALYSIS

A. <u>Substantial evidence, specifically described by the ALJ, supports his finding that the Plaintiff's allegations were not fully credible.</u>

Plaintiff first appeals the Commissioner's decision on the basis that the ALJ only generally stated his rationale for rejecting Plaintiff's credibility regarding his pain, rather than providing the specific reasoning supporting the ALJ's decision as required by law.

"The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses therefore his conclusions should be highly regarded." *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir 1988). The ALJ may consider the Plaintiff's credibility when evaluating complaints of pain. *Bradley*, 862 F.2d at 1227. The claimant must demonstrate there is objective medical evidence of an underlying condition. See 20 C.F.R. § 416.929. If there is, the claimant must demonstrate either: (1) the objective medical evidence confirms the severity of the alleged pain; or (2) the objectively established medical condition is of such a severity it can reasonably be expected to produce the alleged disabling pain. See *Duncan v. Secretary of*

5

*Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1039 n.2 (6th Cir. 1994).

Plaintiff specifically challenges the sufficiency of the ALJ's findings by arguing that, contrary to Social Security Ruling 96-7p[2], the ALJ merely made a "single, conclusory" statement regarding Plaintiff's credibility and failed to detail the reasoning underlying his determination.

Contrary to Plaintiff's argument, the ALJ set forth a detailed rationale for his conclusion that Plaintiff's allegations are not fully credible. (TR at 15). First the ALJ addressed Plaintiff's alleged back, knee and finger impairments, and noted that the record contains no evidence showing a musculoskeletal abnormality which could reasonable be expected to result in the degree of pain alleged. (TR at 15; see TR at 177, 281, 316-318, 356). Additionally, Plaintiff's pain has been sufficiently controlled

---

[2] In relevant part, SSR 96-7p states that:

It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p.

6

through the use of oral analgesics only. (TR at 15, 48-9). Plaintiff has not required any undue emergency medical care, inpatient treatment for pain control, or epidural or other injections. (TR at 15). The record reflects, and the ALJ acknowledged, that Plaintiff has not participated in any physical or rehabilitative therapies, nor does he require to use of an ambulatory aid or back brace. (TR at 15, 191). While Plaintiff's treating physicians have referred him for pain management evaluation, he has declined to follow through with any of this treatment. (TR at 15).

Similarly, Plaintiff has consistently declined referrals for formal mental health treatment/counseling following the loss of his child. (TR at 12, 16; see TR 38, 184, 186, 229, 290). Despite the significant emotional toll of this loss on the Plaintiff, he has been able manage his symptoms with pscyhotropic medication. (TR at 12; see TR at 37, 184-186, 222, 228-229, 257-260, 277-278, 299-300, 361, 363, 367). The ALJ also noted that, despite Plaintiff's claim that he was unable to "cope well enough to work following the loss of a child," the record shows that he has "worked since that time and has worked subsequent to the alleged onset date." (TR at 16; see TR at 110). In March 2007, three years after his alleged disability onset, Plaintiff incurred an infection "working in some hay" (TR 263). Likewise, Plaintiff's treatment notes from June 2007 reflect Plaintiff needed pain medications because he was working

7

(TR at 16, 275).

Additionally, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence". *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ noted that the record showed that Plaintiff was capable of enjoying a wider range of activities than he alleged. (TR at 16). Plaintiff has a girlfriend, goes to the store, and drives an automobile (TR at 16, 29, 187, 190). He takes out the trash, walks for exercise, and cares for his pets (TR at 16, 48, 128, 190). A claimant's daily activities are relevant to the limitations his symptoms have on his capacity to work. See 20 C.F.R. §416.929(c)(3)(i). Plaintiff's work activity is substantial evidence supporting the ALJ's decision. See 20 C.F.R. § 416.971; *Ellison v. Barnhart*, 355 F.3d 1272, 1275-76 (6th Cir. 2003); See *Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024, 1029 (6th Cir. 1990)("[A]ny work done during a period of claimed disability may show that a claimant can engage in substantial gainful activity."). Plaintiff's alleged limitations are contradicted by evidence of his daily activities, which provides substantial evidence in support of the ALJ's credibility finding.

B. <u>Substantial evidence supports the ALJ's decision to discount the assessments of nontreating examiners Drs. Patel and Hoskins.</u>

Plaintiff argues that the ALJ's failure to rely on Drs. Patel and Hoskins was in error because they were treating physicians and, thus, their opinions should have been afforded greater weight. However, the Commissioner correctly notes that Drs. Patel and Hoskins do not fall within the definition of a treating physician, and, therefore, the ALJ is not required to defer to their opinion.

A "treating" physician has an "ongoing relationship" with the patient, which, generally, requires that the patient has treated with the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required" for the specific medical condition(s) at issue. 20 C.F.R. §416.902. Sources seen by a patient for the exclusive purpose of obtaining a report for use in support of a disability claim are considered "nontreating" sources. *Id.* "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight ...than will a person who has examined a claimant but once..." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)(citing *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983)).

The record clearly demonstrates that Drs. Patel and Hoskins each examined Plaintiff one time, for a limited purpose, and that they did not contemplate a continuing treating relationship with Plaintiff. (TR at 222-224, 303-312). Because their opinions do not

9

enjoy the same deference as a treating source, the ALJ did not err by declining to give their opinions greater weight. *Crisp v. Secretary of Health and Human Services*, 790 F.2d 450, 452 (6th Cir. 1986).

Additionally, the ALJ noted that he did not give Drs. Patel and Hoskins' opinions greater weight because their findings were not consistent with the overall record. (TR at 16). With respect to Dr. Patel, the ALJ noted that the limitations assessed by Dr. Patel were excessive, not well supported by the objective medical evidence and not consistent with the overall record. (TR at 16).

During Dr. Patel's examination, Plaintiff did not exhibit active suicidal or homicidal ideation, no evidence of psychosis, and his insight and judgment appeared intact. (TR at 304). Plaintiff had contractures in one finger and decreased strength and temperature in his upper right extremity. (TR at 305). Plaintiff's gait and station appeared normal, although Dr. Patel noted some identifiable trigger points and spasms in Plaintiff's back. (TR at 305). Likewise, Dr. Hoskins found no evidence of misalignment, asymmetry, crepitation, abnormal strength, or atrophy in Plaintiff's back, and his range of motion was within normal limits. (TR at 223). Plaintiff demonstrated no discomfort while seated and got on and off the examination table with only mild difficulty. (TR at 224). Dr. Hoskins noted that Plaintiff could sit, stand, and squat from a 19 inch chair, but appeared off balance with deeper

squatting. (TR at 224). These objective findings support the ALJ's determination of residual functional capacity, and do not appear to support the more severe limitations imposed by the nontreating examiners.

In sum, there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ appropriately documented the rationale underlying his decision. The ALJ acted properly by examining the evidence presented to him and resolving any conflicts based upon the record.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED**; and

(2) That the Commissioner's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED**.

This the 28th day of March, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge